IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01900-WDM-CBS

TARA CARLSON,
    Plaintiff,
v.

KING PONTIAC GMC,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Amended Motion to Dismiss filed by Defendant King Pontiac GMC ("King") on December 18, 2006 (doc. # 22).   Pursuant to the Order of Reference (doc. # 9), the Amended Order of Reference (doc. # 10) and the memorandum dated January 3, 2007 (doc. # 26), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, Ms. Carlson's "Answer" ("Response") (filed January 8, 2007) (doc. # 27), King's "Response to Plaintiff's Answer to Motion to Dismiss" ("Reply") (filed January 9, 2007) (doc. # 29), Ms. Carlson's "Amended Motion Response" ("Supplemental Response") (filed February 20, 2007) (doc. # 32), King's "Reply to Amended Motion Response" (filed March 9, 2007) (doc. # 34), the pleadings, and the applicable law and is sufficiently advised in the premises.

1.    Statement of the Case

    Proceeding *pro se*, Ms. Carlson alleges gender discrimination and sexual

harassment arising out of her employment at King in Loveland, Colorado from August to September of 2004. Ms. Carlson does not specify the relief she seeks. (*See* Amended Complaint at p. 6). Without citing any of the Federal Rules of Civil Procedure, King has moved to dismiss Ms. Carlson's Amended Complaint "for lack of jurisdiction," for failure to file the Complaint within the 90-day period for filing a civil lawsuit set forth in Title VII, 42 U.S.C. § 2000e-5(f)(1).

2.  Standard of Review

King moves to dismiss for lack of jurisdiction. However, compliance with Title VII's 90-day period for filing a civil lawsuit is not a jurisdictional prerequisite. *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (citation omitted). Rather, it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Biester*, 77 F.3d at 1267. *See also Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994) ("The ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling") (citation omitted). "Accordingly, motions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6)." *Barrett v. Rumsfeld*, 158 Fed. Appx. 89, 91 (10th Cir. 2005) (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir.1999)).

> A motion to dismiss pursuant to Rule 12(b)(6) is properly granted when it appears beyond doubt that the plaintiffs could

> prove no set of facts entitling them to relief. The court must accept as true all well-pleaded facts and must construe all reasonable allegations in the light most favorable to the plaintiffs. The facts relevant and necessary for this decision are stated in plaintiffs' complaint and accepted as true.

*Steffens v. Steffens*, 955 F. Supp. 101, 102 (D. Colo. 1997) (citation omitted).

3.  Analysis

Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the EEOC, he or she is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination. 42 U.S.C. § 2000e-5(f)(1). The 90-day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).

The 90-day time limit is strictly administered. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants"); *Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995) ("The existence of the relatively short filing period is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay . . . A plaintiff should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute") (internal quotation marks and citation omitted); *Purrington v. University of Utah*, 996 F.2d 1025, 1031 (10th Cir. 1993) ("A knowing plaintiff has an obligation to file promptly or lose her claim"), *abrogated on other grounds,* 536 U.S. 101 (2002).

Ms. Carlson filed a Charge of Discrimination with the EEOC on May 7, 2005. (*See* Charge of Discrimination, attached to Complaint). On June 14, 2006 the EEOC notified Ms. Carlson of her right to file a civil action. (*See* letter dated June 14, 2006 to Ms. Carlson from EEOC, attached to Complaint). In her Complaint, Ms. Carlson alleged that she received the EEOC notice of right to sue on July 29, 2006. (*See* Complaint at p. 2). In accordance with the court's September 25, 2006 Order (doc. # 2), Ms. Carlson filed an Amended Complaint on October 23, 2006. (*See* doc. # 5). In her Amended Complaint, Ms. Carlson alleged that she received the EEOC notice of right to sue on June 25, 2006. (*See* Amended Complaint at p. 2). The court held a hearing on February 8, 2007 to address the discrepancy in Ms. Carlson's pleadings. (*See* Courtroom Minutes/Minute Order (doc. # 31)). In response to the court's inquiries, on February 20, 2007, Ms. Carlson alleged that she received the Notice of Right to Sue on June 19, 2006. (*See* Supplemental Response (doc. # 32) at ¶ 4).[1]

In order to receive permission to proceed *in forma pauperis*, Ms. Carlson submitted her Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 18, 2006. (*See* doc. # 1). Ms. Carlson's application to proceed *in forma pauperis* was granted on September 25, 2006 and the Complaint was filed by the Clerk

---

[1] "When the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). The Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" of receipt after mailing, *Lozano*, 258 F.3d at 1165, but has emphasized that this "presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

of the Court the same day.  (*See* docs. # 2 and # 3).  In accordance with the court's order to cure deficiencies in her Motion and Complaint, Ms. Carlson filed a second Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and her Amended Complaint on October 23, 2006.  (*See* docs. # 4 and # 5).

The ninety-day time limit for filing suit "is tolled between the time a complaint and an application to proceed *in forma pauperis* are received by the Court and the time the Court rules on the application."  *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) (citations omitted).  *See also Dempsey v. Harrison*, 387 F. Supp. 2d 558, 561 (E.D. N.C. 2005) (many "courts have determined that the statutory filing period should be tolled until the petition [to proceed *in forma pauperis*] has been granted") (citations omitted).  Ms. Carlson's Complaint was not actually filed until 98 days after Ms. Carlson received the notice of right to sue.  The Complaint was received by the Clerk of the Court 91 days after Ms. Carlson received the notice of right to sue.  Even after tolling of the 90-day time limit during the pendency of the application to proceed in forma pauperis, the Complaint was not filed within the time limit established by Title VII.

The 90-day time limit may be subject to equitable tolling in appropriate cases. However, the Tenth Circuit has "taken a strict view of what necessitates equitable tolling."  *Jarrett*, 22 F.3d at 260.  The Tenth Circuit has recognized equitable tolling of Title VII time limitations only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Biester*, 77 F.3d at 1267 (citation omitted).  "[E]quitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal

5

agencies, or the courts." *Biester*, 77 F.3d at 1267-68. "Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period." *Biester*, 77 F.3d at 1267-68.

The burden of proving equitable tolling rests on the plaintiff. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993) (once appellee "raised the limitations issue, appellants bore the burden of proving that equitable tolling of the limitations period was appropriate") (citations omitted); *Bayer v. U. S. Dept. of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) ("Title VII plaintiff bears the burden of pleading and proving in the district court 'equitable reasons' for noncompliance" with thirty-day time limits) (citation omitted). The propriety of equitable tolling must be determined on a case-by-case basis, and rests within the sound discretion of the district court. *Million*, 47 F.3d at 389; *Jarrett*, 22 F.3d at 260; *Edwards v. International Union (UPGWA)*, 46 F.3d 1047, 1055 (10th Cir. 1995) (citations omitted).

Ms. Carlson has not alleged that she was actively deceived or lulled into inaction, such that the court should permit tolling of the limitations period. *See Biester*, 77 F.3d at 1267-68. Ms. Carlson failed to file her lawsuit within 90 days of receiving her right to sue notice as required by 42 U.S.C. § 2000e-5(f)(1) and there is no basis for equitable tolling of the limitations period. This civil action is properly dismissed.

Accordingly,

IT IS RECOMMENDED that the Amended Motion to Dismiss (filed on December 18, 2006) (doc. # 22) be GRANTED and this civil action be DISMISSED with prejudice.

Further, IT IS ORDERED that the Scheduling Conference currently set on March

20, 2007 at 10:45 a.m. is VACATED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

7

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 12th day of March, 2007.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge